EDWARD J. CUMMING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cumming
Docket No. 5321-91
United States Tax Court
T.C. Memo 1992-329; 1992 Tax Ct. Memo LEXIS 344; 63 T.C.M. (CCH) 3119; June 8, 1992, Filed *344 Decision will be entered under Rule 155. Edward J. Cumming, pro se. Edith F. Moates, for respondent. DAWSON, PAJAK
PAJAK
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Year
1985
1986
1987
Deficiency
$ 11,783.00
$ 12,287.00
$ 12,680.00
Additions to tax
Sec. 6651(a)(1)     661.50
618.75
839.00
Sec. 6653(a)(1)     589.15
---- ---- Sec. 6653(a)(2)     [1]  ---- ---- Sec. 6653(a)(1)(A)     ---- 614.35
634.00
Sec. 6653(a)(1)(B)     ---- [2]   [3]  *345 After concessions by both parties, the only remaining issues are: (1) Whether petitioner is liable for the addition to tax under section 6651(a)(1); and (2) whether petitioner is liable for the additions to tax under section 6653(a). For convenience and clarity, we have combined our findings of fact and opinion. Some of the facts have been stipulated and are so found. Petitioner resided in Cleveland, Oklahoma, when his petition was filed. Petitioner was an employee of Telex Computer Products, Inc. (Telex), during 1985, 1986, and 1987. He received compensation from Telex in the amounts of $ 46,377, $ 48,409, and $ 52,227 during 1985, 1986, and 1987, respectively. During 1985, petitioner received interest income from the Telex Central Federal Credit Union (Telex Central), State Federal Savings (State Federal), and the United States Treasury in the amounts of $ 122, $ 100, and $ 119, respectively. Petitioner also received interest income from Telex Central and State Federal in the amounts of $ 79 and $ 100 during 1986, and $ 233 and $ 64 during 1987, respectively. Petitioner paid alimony to Mary F. Cumming pursuant to a divorce decree in the amounts of $ 6,000, $ 6,000, and *346 $ 12,000 during 1985, 1986, and 1987, respectively. Petitioner filed no Federal income tax returns with respect to any of the years in issue. Prior to trial, petitioner sent a statement to the Internal Revenue Service which includes the following paragraph: THIS PERSON OWES HIS GOVERNMENT NOTHING. NOTHING EXCEPT HIS ALLEGIANCE. I OWE MY CONTRY MY ALLEGIANCE BECAUSE I HAVE PLEDGED IT. I HAVE DONE NO ACT SUCH THAT I HAVE ASSUMED A MONETARY INDEBTEDNESS TO MY COUNTRY. I BELIEVE THAT A REASONABLE PERSON WILL FINANCIALLY SUPPORT HIS GOVERNMENT AND THAT IN THIS COUNTRY THE AMOUNT OF SUPPORT IS BASED ON A CONCEPT OF "FAIR SHARE". THIS FAIR SHARE CONCEPT IS AT THE VERY HEART OF THE SYSTEM USED BY THE IRS. AND IS BASED ON A PERSONS ABILITY TO PROVIDE SUPPORT TO HIS COUNTRY, TO HIS FAMILY AND TO HIS COMMUNITY. A PERSONS FAIR SHARE OF FINANCIAL SUPPORT [SUPPORT] IS DETERMINED FROM HIS INCOME AND A HOST OF DEDUCTIONS WHICH A PERSON MAY CHOOSE OR NOT CHOOSE TO USE; AND IN THIS WAY EACH PERSON IS PERMITTED TO MAKE ADJUSTMENTS TO THEIR OWN FAIR SHARE. [Reproduced literally] Petitioner claims that he is not a tax protester. In any event, his contentions are wrong. . *347 Apparently, petitioner now realizes this because in the stipulation of facts and at trial he conceded that he failed to report his wage and interest income during the years in issue. Sections 1 and 61(a) subject the income of "every individual" to tax, and includes income "from whatever source derived", including (but not limited to) "compensation for services" and "interest". Because petitioner's gross income exceeds his exemption, plus the zero bracket amount for 1985, and plus the standard deduction for 1986 and 1987, he is required to file a Federal income tax return for all 3 years in issue. See section 6012(a). Petitioner argued that he should not be subject to the additions to tax because he thought he was overpaying his taxes every year due to withholding. However, section 6211 explicitly states that the deficiency determined by the Commissioner is the excess of the tax imposed over the amount shown by the taxpayer on the return, without regard to the credit for taxes withheld under section 31. ; . It is obvious that because petitioner *348 failed to file returns for the years in issue, petitioner showed no tax on any returns for these years. Section 6651(a)(1) provides for an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted, unless such failure was due to reasonable cause and not willful neglect. . Petitioner bears the burden of showing reasonable cause. Petitioner presented no credible evidence as to why he failed to file a Federal income tax return for each of the years in issue. Accordingly, respondent's determination with respect to the addition to tax under section 6651(a)(1) is sustained. Rule 142(a); . For the respective year or years, section 6653(a)(1) and section 6653(a)(1)(A) provide for an addition to tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. For the respective year or years, section 6653(a)(2) and section 6653(a)(1)(B) provide for a further addition *349 to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. Petitioner has the burden of proof to show that any underpayment of tax was not due to negligence. Rule 142(a); ; . Under section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner conceded that he failed to report his wage and interest income on timely filed Federal income tax returns. A Court of Appeals has ruled that, where the taxpayer did not file proper returns, this Court correctly held that petitioner was liable for the additions to tax under section 6653(a). , affg. in part, revg. in part, and remanding and . We likewise hold that petitioner is liable *350 for the additions to tax under section 6653(a). Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on $ 2,646, which is the underpayment attributable to negligence. ↩
2. 50 percent of the interest due on $ 2,475, which is the underpayment attributable to negligence. ↩
3. 50 percent of the interest due on $ 3,356, which is the underpayment attributable to negligence.↩